UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY SHRONE PERSON,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. 3:22-cv-05863-DGE-SKV

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Anthony Shrone Person is currently confined at the Coyote Ridge Correctional Center in Connell, Washington. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from his 2021 Mason County Superior Court judgment and sentence. Dkt. 15. The Court issued an order outlining deficiencies in the petition, declining to serve the petition, and granting Petitioner leave to amend. Dkt. 25. The deficiencies identified by the Court were (i) failure to exhaust state court remedies, and (ii) failure to name the correct respondent. *See* Dkt. 25. Petitioner filed an amended petition that did not correct these deficiencies. Dkt. 28. After careful review of the amended petition and the record, this Court concludes Petitioner's federal habeas petition should be dismissed.

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

## II.    DISCUSSION

Petitioner's federal habeas petition was filed on November 28, 2022. *See* Dkt. 15. After reviewing the petition, this Court determined that Petitioner's state law remedies appeared to not be exhausted and the petition improperly named the State of Washington as respondent. *Id.* The Court issued an Order declining to serve the petition and granting Petitioner an opportunity to amend. *See* Dkt. 25. In its Order, the Court stated that if Petitioner submitted an amended petition, he must "verify that he has exhausted his state court remedies, including that any federal constitutional grounds raised in his petition were raised in the state courts," and must "name the proper respondent." Dkt. 25 at 1-2.

The amended petition makes clear that Petitioner has not properly exhausted his state court remedies. Section 2254 unequivocally requires that a state prisoner exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner indicates in his petition that his "direct appeal" to Division I of the Washington State Court of Appeals "is pending" and that oral argument is scheduled for January 11, 2023. Dkt. 29 at 2. As such, his petition is not eligible for federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A).

REPORT AND RECOMMENDATION
PAGE - 2

Moreover, if Petitioner does decide to seek federal habeas review after fully exhausting his state court remedies, he must name the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (proper respondent to a habeas petition is "the person who has custody over the petitioner," and who has "the ability to produce the prisoner's body before the habeas court"); *see also Brittingham v. U.S.*, 982 F.2d 378, 379 (9th Cir. 1992) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'") (citation omitted).

### III.   CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed without prejudice for failure to exhaust state court remedies under 28 U.S.C. § 2254(b)(1)(A). This Court recommends, in the alternative, that Petitioner's petition be dismissed without prejudice for failure to name the proper respondent.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

/ / /

### III. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 20, 2023**.

DATED this 29th day of December, 2022.

S. KATE VAUGHAN
United States Magistrate Judge