UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY SHONE PERSON,<br><br>                    Petitioner,<br>     v.<br><br>STATE OF WASHINGTON,<br><br>                    Respondent. | NO. 3:22-cv-05863-DGE-SKV<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Petitioner Anthony Shore Person's motion for reconsideration (Dkt. No. 37) of the Court's order adopting the Report and Recommendation of the Honorable S. Kate Vaughan and dismissing Petitioner's case (Dkt. No. 36).

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

*Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Petitioner raises largely the same arguments already asserted. (*See generally* Dkt. No. 37.) Although Petitioner concedes he has not exhausted his state remedies, Petitioner argues his case qualifies as a special or extraordinary circumstance, which allows this Court to consider his petition without applying "the 'Younger Abstention Doctrine' and the Rooker-Feldman doctrine no longer apply[.]" (*Id.* at 2.)

As the Court explained in its prior orders, Section 2254 unequivocally requires that a state prisoner exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).

The Court did not rely on the Rooker-Feldman as the basis for dismissal, so Plaintiff's argument is not relevant. This doctrine "generally bars a federal court other than the Supreme Court from reviewing the determinations of a state court[,]" but does not preclude habeas corpus petitions. *Bowman v. Milyard*, No. C08-0743RAJ, 2009 WL 454649, at *2 (W.D. Wash. Feb.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

23, 2009), *aff'd*, 364 F. App'x 397 (9th Cir. 2010) (citing *Gruntz v. County of Lost Angeles*, 202 F.3d 1074, 1078–79 (9th Cir. 2000).

Under *Younger v. Harris*, federal courts must abstain from interfering in pending state criminal prosecutions absent extraordinary circumstances. 401 U.S. 37, 45 (1971). Petitioner's conclusory allegations that the State of Washington "acted outside the safeguards of well-established Constitutional princip[les] without authority in excess of its own jurisdiction" does not establish extraordinary circumstances. (*See* Dkt. No. 37 at 2.)

Accordingly, and having considered Petitioner's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS Petitioner's motion for reconsideration (Dkt. No. 37) is DENIED.

Because Petitioner's petition for habeas corpus and motion for reconsideration were denied, consideration of Petitioner's subsequent motions is improper as there is no active case before the Court. The Clerk is directed to STRIKE Petitioner's motions at Dkt. Nos. 39, 40, 41, 42, 43, 44, 45, and 46.

Dated this 10th day of April, 2023.

David G. Estudillo
United States District Judge